UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRUCE A. BROWN, #1464655,[1]

        Petitioner,

v.                                                                                   ACTION NO. 2:20cv485

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bruce A. Brown ("Brown"), a Virginia inmate, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with a supplement in support. ECF Nos. 1, 8. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Brown's petition be **DISMISSED WITHOUT PREJUDICE** to allow Brown to proceed with his claims in state court.

---

[1] Brown used an incorrect inmate number when filing his petition, #1047152. As provided by respondent, and confirmed by the online Virginia Department of Corrections offender locator website, the inmate number assigned to Brown by the Virginia Department of Corrections is #1464655. ECF No. 14 at 1 n.1; *see Offender Locator*, VA. DEP'T OF CORR., https://vadoc.virginia.gov/general-public/offender-locator/ (last visited Mar. 9, 2021). The Clerk is **DIRECTED** to amend the docket sheet to reflect the correct inmate number.

The Circuit Court of the City of Norfolk revoked Brown's probation on February 27, 2020, following his conviction for larceny with intent to sell or distribute. ECF No. 1 at 1. Brown was sentenced to one year and six months in prison. *Id.* Brown did not appeal his conviction, or file a petition for writ of habeas corpus in state court. *Id.* at 2–5.[2] Brown asserts he has not appealed to the highest state court with jurisdiction "due to the current pandemic." *Id.* at 5. According to the "Virginia Courts Case Information" online service, Brown has not filed a habeas petition in the Circuit Court of the City of Norfolk or the Supreme Court of Virginia. *See Case Status and Information*, VA.'S JUD. SYS., http://www.courts.state.va.us/caseinfo/home.html (last visited Mar. 9, 2021).

Brown asserts in his federal petition that he is a Virginia Department of Corrections inmate wrongly being housed in the Norfolk City Jail, he has been denied "Covid-19 early release" and the right to appeal the decision, and he is being denied proper mental health treatment. ECF No. 1 at 5, 7, 8–9. Brown seeks relief from custody, or transfer to the Virginia Department of Corrections. *Id.* at 15. According to respondent, and confirmed by the Virginia Department of Corrections offender locator website, Brown's release date is March 29, 2021. ECF No. 14 at 2.

This Court cannot address Brown's petition until after the Supreme Court of Virginia has ruled on his claims. 28 U.S.C. § 2254(b)(1)(A). Brown can refile his federal petition after completing the review process in state court. *Strader v. Allsbrook*, 656 F.2d 67, 67–68 (4th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

---

[2] Brown indicates he has written to the Virginia Department of Corrections numerous times and has had family contact them, as well as writing to the governor, two state representatives, and the jail records office without receiving a response. ECF No. 1 at 5, 7.

It is therefore **RECOMMENDED** that Brown's federal petition be **DISMISSED WITHOUT PREJUDICE** to Brown's refiling his federal petition after he has proceeded in the Virginia state courts. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 9, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Bruce A. Brown, #1464655
Norfolk City Jail
811 East City Hall Ave.
Norfolk, VA 23514

Fernando Galindo, Clerk

By  /s/ J. L. Meyers
     Deputy Clerk

March __10__, 2021